# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| MANVESTER EVANS, III | ) |
| Petitioner, | ) |
| v. | ) Case No. CV607-055 |
| CYNTHIA NELSON, Warden, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Manvester Evans, III, a Georgia state prisoner currently incarcerated at Autry State Prison in Pelham, Ga., has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. In his petition, Evans alleges that his guilty plea was coerced, his indictment was constitutionally defective, and his counsel provided ineffective assistance. Id. Respondent Cynthia Nelson has filed a motion to dismiss Evans' petition as untimely. Doc. 6. For the reasons explained below, Nelson's motion should be **GRANTED** and Evans' petition should be **DENIED**.

I. **PROCEDURAL HISTORY**

On October 29, 2004, Evans pleaded guilty to one count of murder and four counts of aggravated assault, for which he received a total prison sentence of life plus eighty years. Doc. 7 ex. 5. Although Evans' petition states that he appealed his conviction to the Georgia Supreme Court, the only appeal lodged by Evans that appears in the record was a motion to make an out-of-time appeal. Id. ex. 1. He filed that motion in December 2005, and the Georgia Supreme Court denied the motion on March 1, 2006.[1] Evans v. State, No. S06A0940 (Ga. Mar. 1, 2006). Hence, Evans did not file a direct appeal of his conviction or sentence.

On June 27, 2006, Evans did file a state habeas corpus petition. Doc. 7 ex. 1. The state court held an evidentiary hearing on that petition on December 11, 2006, and denied habeas relief on March 13, 2007. Id. ex. 3. Evans then sought a certificate of probable cause to appeal, which the Georgia Supreme Court denied on July 13, 2007. Id. ex. 4. Evans filed this

---

[1] The respondent classifies this motion as an appeal of a state court's order denying his request for a copy of the record of his guilty plea. Doc. 6 attach. 1 n.1. But the respondent did not include a copy of Evans' motion in the record. Regardless of that motion's substance, the Georgia Supreme Court found it untimely; therefore, it has no bearing on the disposition of this case. See Evans v. State, No. S06A0940 (Ga. Mar. 1, 2006).

§ 2254 petition on August 23, 2007.[2] Doc. 1.

## II. LEGAL ANALYSIS

The timeliness of a § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which established a one-year statute of limitations for habeas corpus petitions filed by state prisoners. See 28 U.S.C. § 2244(d). One of the four occurrences listed in § 2244(d)(1) that is sufficient to start the limitations period is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). However, the time during which a petitioner sought post-conviction relief from the pertinent judgment in state court does not count toward the one-year limitations period. Id. § 2244(d)(2); Ford v. Moore, 296 F.3d 1035, 1036–37 (11th Cir. 2002).

In terms of timeliness under § 2244(d)(1), Evans' one-year limitation period began on November 29, 2004, when the thirty-day period for filing

---

[2] Evans' § 2254 petition was received by the clerk's office on August 31, 2007. Doc. 1. However, he signed it on August 23, 2007. Id. Because it has no bearing on the disposition of respondent's motion to dismiss as untimely, the Court will assume that Evans submitted his petition to prison authorities on the same day he signed it.

3

a notice of appeal with the Georgia Court of Appeals expired. See O.C.G.A. § 5-6-38. He did not file his state habeas petition until June 2006—more than seven months after the one-year limitations period imposed by § 2244(d) had expired. Doc. 7 ex. 1. Although § 2244(d)(2) tolls the one-year limitation period while a state court collateral proceeding is pending, a state habeas proceeding cannot resurrect an already expired petition. Tinker v. Moore, 255 F.3d 1331, 1333-35 n.4 (11th Cir. 2001) ("[A] properly . . . filed petition in state court only tolls the time remaining within the federal limitation period."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the AEDPA limitations period has expired cannot toll the statute of limitations because there is no time left to toll). Thus, the tolling provision found in § 2244(d)(2) never came into play before the one-year limitations period expired on November 30, 2004. Evans' § 2254 petition is untimely.

## III. CONCLUSION

Because Evans failed to file his § 2254 petition in federal court before the one-year filing limitation elapsed, respondent Nelson's motion to

dismiss should be **GRANTED** and Evans' § 2254 petition for a writ of habeas corpus should be **DENIED** as untimely.

**SO REPORTED AND RECOMMENDED** this 26TH day of **November 2007.**

*/s/ M. Smith*
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**