UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MANVESTER EVANS,

    Petitioner,

v.                 607CV055

CYNTHIA NELSON, Warden,

    Respondent.

## ORDER

This Court dismissed Manvester Evans's 28 U.S.C. § 2254 petition as time-barred.[1] Doc. ## 8, 16, 17. He appeals, doc. # 19, applies for a Certificate of Appealability (COA), doc. # 18, and thus *impliedly* moves for leave to proceed *in forma pauperis* (IFP). Doc. # 18.

With respect to his IFP motion, Evans is not subject to the Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat.

---

[1] The federal Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a 1-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). That limitations period is tolled, however, while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

*Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Courts lean in favor of upholding the public interest in finality. *Sweet v. Secretary, Dept. of Corrections*, 2006 WL 3000958 * 9 (11th Cir. 10/23/06) (unpublished) (although State had not claimed habeas petition was untimely in its initial response to show cause order, district court had discretion to address issue of timeliness as raised in State's subsequent motion for summary judgment).

1321 (4/26/96) (PLRA), which amends 28 U.S.C. § 1915. Nevertheless he must satisfy the pre-PLRA amendment requirements of 28 U.S.C. § 1915(a). *See U.S. v. Bazemore,* 973 F.Supp. 1475 (S.D.Ga. 1997), *rev'd on other grounds, Bazemore v. U.S.*, 161 F.3d 20 (11th Cir. 1998). That means he must show that he is raising at least one appellate issue that could be supposed to have some arguable merit. *See Walker v. O'Brien,* 216 F.3d 626, 632 (7th Cir. 2000).

"A COA must be specific in detailing issues appropriate for appeal, and appellate review is limited to the issues specified in the COA." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1302 (11th Cir. 2005) (quotes and cite omitted). A COA application cannot be granted unless petitioner makes "both a substantial showing that he had a valid claim of the denial of a constitutional right, *and* a substantial showing that the procedural ruling is wrong." *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1267 (11th Cir. 2004) (en banc) (emphasis added), *aff'd on other grounds, Gonzalez v. Crosby*, 543 U.S. 1086 (2005).

If Evans fails to show either of those two components, the Court may deny the COA application, because of the absence of that component, without deciding whether the other one exists. *Id.; Jackson v. Crosby,* 437 F.3d 1290, 1295 (11th Cir. 2006) (a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that such jurists would find it debatable whether the district court was correct in its procedural ruling).

Here the Magistrate Judge (MJ) recommended, and this Court agreed, that Evans's § 2254 petition is time-barred under 28 U.S.C. § 2241(d)(1)'s one-year limitation period. Doc. ## 8, 16, 17. Petitioner's initial 24-page, F.R.Civ.P. 72(b) Objection did not dispute this, but instead focused on the merits of his claims. Doc. # 13. In his follow-up Objection, doc. # 15, he seemed to argue that he needed time to obtain documents from the

State to enable his collateral state court remedies. *Id.* at 5-6. That does not excuse him, however, from filing a skeletal state habeas petition and then seeking documentation, in order to stop the federal habeas limitations clock. And the limitations doctrine does not yield to "my attorney-didn't-warn-me" claims made long after the fact, as Evans now makes in his COA application. Doc. # 18 at 4.

In that Manvester Evans's petition was untimely, *see, e.g.*, *Brown v. Kemp*, 2008 WL 228030 (S.D.Ga. 1/25/08) (unpublished), and he has not made an IFP/COA-level showing, his IFP/COA motions (doc. # 18) are **DENIED**.

This __13__ day of February, 2008.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA